Steven GERA and Sarah Gera, Appellants,

v.

John BLALOCK, Respondent.

No. ED 87296.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 26, 2006.

William K. Meehan, University City, MO, for appellant.

Thomas J. Smith, Katherine M. Fowler, St. Louis, MO, for respondent.

Before CLIFFORD H. AHRENS, P.J., MARY K. HOFF, J., NANNETTE A. BAKER, J.

## *ORDER*

PER CURIAM.

Steven Gera ("Husband") and Sarah Gera ("Wife") appeal from the dismissal of three of the four points in their petition against chiropractor John Blalock ("Dr. Blalock"). Between January and February 2002, Husband made four visits to Dr. Blalock. In April 2005, Husband filed a petition alleging that Dr. Blalock touched his penis and scrotum, and inserted his fingers into Husband's anal area, causing him to have an involuntary ejaculation. The petition had four counts: 1. negligent *infliction of emotional distress* ("NIED"); 2. intentional infliction of emotional distress ("IIED"); 3. punitive damages; and 4. loss of consortium on behalf of Wife.

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

On October 20, 2005, the trial court dismissed the petition. On the first two counts, the trial court held that there is no independent action for IIED or NIED where the existence of the claim is dependent on a battery, and the statute of limitations for a battery is two years. On the third count for punitive damages, the court held that there can be no punitive damage award without actual damages. Lastly, the trial court dismissed Wife's claim for loss of consortium because it is derivative of Husband's claims that are time barred. The Geras appeal the dismissal of the petition on the counts of NIED, punitive damages and loss of consortium.

No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. The parties have been furnished with a memorandum opinion for their information only, which sets forth the facts and reasons for this order.

We affirm the judgment pursuant to Rule 84.16(b).